# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALTER CHILDRESS,

        Petitioner,        Case Number: 5:11-CV-14549

v.        HONORABLE JOHN CORBETT O'MEARA

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Walter Childress is a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. The petition will be dismissed.

## I.

Petitioner pleaded guilty in Wayne County Circuit Court to two counts of armed robbery, felon in possession of a firearm, and felony firearm. On April 27, 2010, he was sentenced as a third habitual offender to 10-1/2 to 20 years in prison for armed robbery and felon-in-possession, to be served consecutively to two years in prison for felony firearm.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal. *People v. Childress*, No. 301502 (Mich. Ct. App.

Feb. 1, 2011). His application for leave to appeal to the Michigan Supreme Court was also denied. *People v. Childress*, 489 Mich. 975 (Mich. June 28, 2011).

Petitioner then filed the pending habeas petition. He raises these claims:

I. Petitioner's sentence was not individualized, his sentence was disproportionate to the offense, and his sentence was based upon incomplete and inaccurate information.

II. Petitioner should be resentenced because the trial court enhanced his sentence based on facts not admitted by him nor proven beyond a reasonable doubt at trial.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

### B.

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat.

1214 (AEDPA).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application

3

must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's

resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.

### A.

Petitioner claims that habeas relief should be granted because his sentence was not individualized, his sentence was disproportionate to the offense, and it was based upon incomplete and inaccurate information.

Generally, a non-capital sentence that falls within statutory limits is not grounds for habeas relief. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (1999). The Supreme Court "has refused to extend the doctrine of individualized sentencing to noncapital cases." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002) (citing *Harmelin v. Michigan*, 501 U.S. 957, 995-96 (1991)). Since Petitioner has no constitutional right to an individualized sentence, "no constitutional error would occur if the state trial court failed to consider mitigating evidence on [his] behalf at sentencing." *Id.* See also *U.S. v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990) (holding that because the Constitution does not require individualized

sentencing in non-capital cases, the Constitution does not require that a sentencing court consider mitigating evidence).

Petitioner's claim that his sentence is disproportionate is also meritless. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008), *quoting United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).

Petitioner's sentence is not grossly disproportionate to the crime committed. Further, this Court defers to the decision of the state court as the sentence falls within the applicable guidelines range. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v.*

*New York*, 337 U.S. 241, 245 (1949).

Finally, Petitioner states that his sentence was based upon inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Petitioner asserts that he was sentenced based upon false information, but, beyond a conclusory allegation, fails to identify the purportedly false information. Accordingly, habeas relief is denied on this claim.

**B.**

Petitioner argues that the trial court violated his Sixth and Fourteenth Amendment rights because it improperly based his sentence on facts that were not submitted to a jury, proven beyond a reasonable doubt, or conceded at the plea hearing in violation of his constitutional rights. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the

Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The "statutory maximum" for purposes of *Apprendi* "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Michigan has an indeterminate sentencing system for most crimes. The maximum term of imprisonment is set by law. *People v. Drohan*, 475 Mich. 140, 160-61 (2006). The United States Court of Appeals for the Sixth Circuit has held that "*Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum." *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (*citing Harris v. United States*, 536 U.S. 545, 563-68 (2002)). In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. *See Chontos,* 585 F.3d at 1002; *Arias v. Hudson*, 589 F.3d 315, 317-18 (6th Cir.2009) (reaffirming that judicial fact-finding which increases a minimum sentence does not violate *Blakely*).

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court denies a certificate of appealability.

### V.

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** and a certificate of appealability is **DENIED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: November 3, 2011

I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, November 3, 2011, using first-class U.S. mail.

                                                s/William Barkholz
                                                Case Manager